(No. 1635—

GEORGE NELSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1934.*

R. C. SCHOENSTEDT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

George Nelson, a resident of Joliet, Illinois, was regularly employed by the State in its division of waterways as an iron worker on Project No. 55, Illinois Waterway on the 17th day of December, A. D. 1929. On August 16, 1930 he filed his claim in this court for Four Hundred Thirty-five Dollars ($435.00), alleging that on the day in question, i. e., December 17, 1929, while engaged in the course of his duties as an iron worker, the middle finger of his right hand was caught between two rails and mashed and was thereby totally disabled from the date of the injury, December 17, 1929, to February 17, 1930. Plaintiff further claims that he was receiving pay at the rate of Fifteen Dollars ($15.00) per day at the time of injury and that Twelve Dollars ($12.00) a

day was the usual and reasonable wage during the preceding year for men engaged in the class of work stated. His claim for nine weeks temporary total incapacity at Fifteen Dollars per week as provided in Paragraph B of Section 8 of the Workmen's Compensation Act is One Hundred Thirty-five Dollars ($135.00). In addition thereto the Bill of Particulars filed by him asks for a further award of Three Hundred Dollars ($300.00) for serious and permanent disfigurement to the right hand under Paragraph C of Section 8 of the Act. Proof in the record discloses that the accident was immediately reported to plaintiff's superior, and the claim was filed in due course. That the plaintiff suffered temporary total disability from December 17, 1929 to February 17, 1930, being a period of nine weeks, entitling him to the maximum of Fifteen Dollars per week compensation under Section 8, Paragraph B of the Act.

The case is within the scope of the Court of Claims jurisdiction and is terminative under the rules of the Workmen's Compensation Act. Counsel for plaintiff, in his argument, contends for the allowance of medical charges paid by claimant to Dr. T. S. F. Johnson in the sum of Twenty-four Dollars ($24.00). The evidence indicates that such treatment was necessary, and although claimant went to Dr. Johnson voluntarily, the court is inclined to include such account as an item of necessary medical and surgical service, for which an award should be made. The proof shows that the plaintiff's finger was not improving, but was showing indications of much more serious infection at the time the plaintiff went to Dr. Johnson. Objection was made by respondent that this item does not appear in the Bill of Particulars and that it is first raised in the plaintiff's argument. However, it is based upon the evidence and counsel could have amended his Bill of Particulars to recite the same, and there being legal justification for the claim, the court in its equitable province, recognizes the item as just.

The minor disfigurement to plaintiff's finger nail affords no sufficient basis for an award for "serious and permanent disfigurement to the hand" as claimed under authority of Paragraph C of Section 8 of the Act, and an award for this item of plaintiff's claim is denied.

The court therefore makes an award to claimant as follows:

For temporary total disability for nine weeks at
$15.00 per week.................................. $135.00
For medical expense incurred..................... 24.00

$159.00